Memorandum: The plaintiff, an insured under two policies of insurance, each in the face amount of $25,000, brings this action to recover total permanent disability benefits provided for by said policies. The defendant by its answer denied liability for disability benefits and interposed two counterclaims. In the first counterclaim, defendant seeks repayment of all disability payments made since July 1, 1939, under policy Ho. *888 470659, together with interest on each monthly payment and in the second counterclaim, defendant seeks payment of all premium payments mistakenly waived on both policies since July 1, 1939, together with interest thereon from the original due date thereof. The trial court found for the defendant, dismissed plaintiff’s complaint and awarded the relief sought by the defendant in both counterclaims. The judgment, insofar as it adjudged that the defendant recover the sum of $19,500 representing disability payments made by the defendant to the plaintiff under said policy No. 470659 since July 1, 1939, together with the sum of $6,711.25 interest thereon, created the relationship of debtor and creditor between the parties. The son and daughter of the insured, the named beneficiaries under policy No. 470659, are “ entitled to the proceeds and avails of such policy as against the creditors ” of the insured (Insurance Law, § 166, subd. 1). That portion of the judgment which directs that policy No. 470659 shall lapse within thirty-one days from service of a copy of the judgment upon the plaintiff unless the plaintiff shall, within that time, pay in full to the defendant the sums paid as disability payments, is clearly in violation of said section 166 of the Insurance Law. The judgment entered herein should be modified by striking from the third ordering paragraph thereof the following words: “ in full to the defendant the amount adjudged above, and, shall also pay within that time ” and as so modified affirmed, with costs to the respondent. All concur. (The judgment is for defendant on a directed verdict in an action for disability payments under a rider on an insurance policy, and awards judgment in favor of defendant on its counterclaim.) Present — Taylor, P. J., Love, Vaughan, Kimball and Piper, JJ.